### W. E. WILSON, APPELLANT,

*v.*

### FREDERICK W. WALD AND JAMES CAMPBELL,.
(Copartners under the firm name of Wald & Campbell),
APPELLEES.

Under the provisions of the Code of 1881, an action at law cannot be reviewed in this Court by appeal, but must be brought here by writ of error.

A party, by calling attention in his brief to such attempted appeal, and warning his adversary that at a proper time he should move to dismiss the appeal, does not thereby appear generally and waive the defect.

APPEAL from Third Judicial District, holding terms at Seattle.

This was an action at law, commenced by filing complaint and issuing writs of summons and attachment, tried before referee by consent, and judgment rendered by the District Court upon findings of referee.

Appeal was sought to be taken under the provisions of the Code of 1881, as from a decree in equity ; the Court was asked to dismiss, because the cause had not been brought into this. Court by writ of error.

*Hall & Smith,* for Appellees.

This is not an action in equity, is not based upon equitable grounds, does not pray such relief as Courts of Equity grant.

It cannot be brought into this Court by appeal, and can only be reëxamined in the Supreme Court by writ of error, upon the errors assigned in the notice of the plaintiff in error. (Section

445, Code of Washington Territory ; *Colman* v. *Yesler*, Washington Territory Reports, p. 591.)

*McNaught*, *Ferry*, *McNaught & Mitchell*, for Appellant.

Opinion by TURNER, Associate Justice.

This is an action at law.   It was brought to this Court from the Court below by appeal, taken under the provisions of the Code of 1881.   The appellees now move to dismiss the appeal, on the ground that an action at law can be brought to this Court for reëxamination only by writ of error.   The motion seems to us well grounded.   It is contended by the appellant, however, that the appellees having filed a brief in the cause in this Court, without having given notice of a special or limited appearance, as provided for by Rule XVII. of the Court, are now precluded from taking the objection.

The appellees in their brief call attention to the nature of the action, and to the character of the process by which the action is brought to this Court ; and before addressing themselves to the merits, give the following notice :

" And appellees here give notice that they will move the Supreme Court to dismiss the appeal for the reasons stated, which motion will be filed on or before the second day of the July term, 1885.   We think the notice thus given a sufficient compliance with the rule of Court in question.   The appellant and the Court are notified contemporaneously with the filing of the brief, that the appellees intend to insist upon the objection to the jurisdictional process.   This is what the rule was intended to accomplish.   The notice thus conveyed is not in the form usually employed to limit to a special appearance what would otherwise amount to a general appearance ; but form, while useful and proper to be observed, is not considered essential.   The appeal is dismissed.

We concur :    S. C. WINGARD, Associate Justice.
              JOHN P. HOYT, Associate Justice.